# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-61114
Summary Calendar

THERESA KEM JOHNSON,

Plaintiff-Appellant,

v.

NEW SOUTH FEDERAL SAVINGS BANK

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-cv-314

Before JOLLY, WIENER and ELROD, Circuit Judges.

PER CURIAM:[*]

On June 4, 2007, Plaintiff-Appellant Theresa Kem Johnson filed suit against New South Federal Savings Bank, et. al., in the United States District Court for the Southern District of Mississippi for violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601–2617, and numerous state law tort and contract claims. After the conclusion of discovery, New South

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Federal Savings Bank (New South) moved for summary judgment. The district court granted summary judgment in favor of New South on all grounds on November 4, 2008. *See Johnson v. New S. Fed. Sav. Bank*, No. 3:07-cv-314, 2008 WL 4829879 (S.D. Miss. Nov. 4, 2008). Johnson appeals the denial of her claims, with the exclusion of the RESPA claim which she has dropped.

We review the district court's ruling on a motion for summary judgment *de novo*, applying the same legal standard as the district court. *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002). Summary judgment should be granted when there is "no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *Wyatt*, 297 F.3d at 408–09. Although we "review the evidence and any inferences therefrom in the light most favorable to the nonmoving party," *S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993), "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *TIG Ins. Co. v. Sedgwick James of Washington*, 276 F.3d 754, 759 (5th Cir. 2002).

Appellant's brief on appeal contains a number of rhetorical questions and impassioned arguments, but it fails to cure the defect which proved fatal to Appellant's case in the district court: Appellant provides no competent summary judgment evidence sufficient to demonstrate that a genuine issue for trial exists regarding the amount she paid in April, 2007 to avoid foreclosure. All of Appellant's claims ultimately turn on this point. We agree with Appellant's contention that New South's initial affidavit contained errors regarding the amount of taxes Appellant paid in 2002. However, this error was corrected in a supplemental affidavit. Appellant also alleges that discrepancies concerning

checks returned to Johnson create a "disputed material fact." New South does not dispute the fact that it accepted Appellant's checks from January and February of 2006. As to both of these arguments, Appellant has produced no evidence at all to prove that the total she paid to avoid foreclosure was anything other than the correct amount owed.

Finally, Appellant baldly argues with no support that the property in question was never actually insured during the relevant time due to New South's failure to list the correct address in the insurance it placed on the property. She has failed to raise a genuine issue of material fact on this point.

## CONCLUSION

Because the record contains no evidence upon which Appellant can raise a genuine issue of material fact, we conclude that the district court properly granted New South's motion for summary judgment. AFFIRMED.